## JACKSON v. WOLVERINE COPPER MINING CO.

(Circuit Court, S. D. New York. May 1, 1911.)

DEPOSITIONS (§ 55*)—TIME FOR TAKING—EXTENSION—PRESUMPTIONS.

Equity rule 69, providing that 3 months, and no more, shall be allowed for taking testimony, unless the time shall be enlarged by the court, and that no testimony taken after that period shall be allowed to be read in evidence, does not prevent the court, either on stipulation or for cause, from enlarging the time on motion, and it would be presumed that an enlargement of the time during the 90 days had been agreed on, where neither party completed his proof within the time, or where testimony is taken without objection after the time has expired, and neither party has moved to apportion the time, or to set the cause down for final hearing on bill and answer, or to dismiss.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 120–124; Dec. Dig. § 55.*]

Action by John G. Jackson against the Wolverine Copper Mining Company. On motion to suppress deposition. Denied.

George C. Beach, for plaintiff.
Abbott & Coyne, for defendant.

LACOMBE, Circuit Judge. The deposition was taken in Chicago November 1, 1910, and the notice of motion to suppress was not served till April 24, 1911. This delay would be sufficient ground for denying the motion, but it may be well to dispose of it on the merits.

Defendant refers to the sixty-ninth equity rule, which provides that 3 months, and no more, shall be allowed for taking testimony, unless the time shall be enlarged by the court, and that no testimony taken after that period shall be allowed to be read in evidence. He also cites Wooster v. Clark (C. C.) 9 Fed. 854, and Matthews v. Spangenburg (C. C.) 19 Fed. 823. These opinions were rendered very long ago. Whatever may be the condition elsewhere, it became apparent long since that in this district it is very rarely that either side desires or expects to complete its proofs within 90 days. Very often it is not physically possible for them to do so. Of course, the court has always been willing to entertain a motion to enlarge the time, and to grant it, if both sides agree, or if good cause be shown.

In order to avoid a multiplicity of such motions, it gradually became the settled practice here to assume that both sides had agreed to an enlargement when, during the 90 days, neither completed their proof, but testimony was taken without objection after the 90 days expired, or when neither side put in any evidence at all within the time limited, and neither side had moved to apportion the time, and defendant had not moved either to set the cause down for final hearing on bill and answer or to dismiss it for failure to prosecute. This ruling has been made many times, but apparently the brief memoranda have not got into the reports, since defendant says he has not found any such statement of the practice.

The motion is denied.